PER CURIAM.
This disciplinary proceeding is before the Court on the respondent attorney’s guilty plea for a consent judgment and The Florida Bar’s petition for the Court’s approval of same. The filing of a guilty plea directly with the Court prior to the filing of a formal complaint is authorized by rule 3-7.-8(a) of the Rules Regulating The Florida Bar.
*1102 In his guilty plea, respondent Arthur N. Sheppard acknowledges the facts of this matter as follows:
7.Respondent admits certain facts and disciplinary rule violations, as set forth below.
a. From January 1, 1986 to July 31, 1986, Respondent maintained a law office at his official record Bar address of 4770 Biscayne Boulevard, Miami, as a full time employee of the law firm of Blank, Rome, Comisky & McCauley.
b. Attorney Joseph W. Malek maintained a law office, as a sole practitioner, at 350 Lincoln Road, Miami Beach, Florida. Joseph W. Malek died February 21, 1986.
c. Commencing August 1, 1986 Respondent assumed the handling of all the open real estate files in the law office of Joseph M. Malek.
d. From August, 1986 until July, 1987 Respondent used the letterhead stationery that had been used by the law office of Joseph W. Malek which indicated “Law Offices”, “Joseph W. Ma-lek”, at Mr. Malek’s law office address, but included Respondent’s name (“Arthur N. Sheppard, Esq.”) as a typewritten addition.
e. The aforementioned letterhead stationery clearly gave the impression that Respondent was associated with the law office of Joseph W. Malek.
f. Respondent was not, and had never been, a partner or associate of Joseph W. Malek.
g. When Respondent assumed the handling of the open real estate files of the Law Office of Joseph W. Malek, Rochelle Bea Malek, Mr. Malek’s widow and former secretary, continued her active involvement in the operation of the law office as Respondent’s secretary/ paralegal.
h. In addition, Respondent failed to properly supervise Rochelle Bea Ma-lek’s communication with the public. In this regard, Respondent inadvertently permitted Rochelle Bea Malek to sign two letters to clients written on law office letterhead stationery without clearly indicating that she was not an attorney.
8. Respondent admits that his actions described above violated the following rules:
a. Permitting his name to be added to the letterhead stationery of a deceased attorney constitutes a violation of Disciplinary Rules 2-102(A) & (B) of the Code of Professional Responsibility and Rule 4-7.5(a) of the Rules of Professional Conduct.
b. Permitting a nonlawyer to sign correspondence which does not disclose his nonlawyer status constitutes a violation of Disciplinary Rule 3-104 of the Code of Professional Responsibility and Rule 4-5.3(b) of the Rules of Professional Conduct.
9. Respondent would further add that:
a. Respondent has no record of any prior disciplinary action.
b. Respondent was fully cooperative with The Florida Bar and attempted to initiate appropriate corrective action when questions concerning propriety of the use of letterhead stationery and the operation of his law office was raised during the course of the Bar’s investigation.
The consent judgment presented to us by the respondent and the Bar provides as discipline that the respondent should receive a public reprimand. We accept respondent’s plea and approve the consent judgment. We hereby reprimand attorney Arthur N. Sheppard for professional misconduct.
IT IS SO ORDERED.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.